2003 OK 28

**In the Matter of the REINSTATEMENT OF Darril Lonnie HOLDEN, Sr., to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**No. SCBD 4739.**

Supreme Court of Oklahoma.

March 11, 2003.

Steven M. Holden, Oklahoma City, for Petitioner Darril L. Holden, Sr.

Allen J. Welch, Assistant General Counsel, Oklahoma City, for Oklahoma Bar Association.

BOUDREAU, J.

¶1 Petitioner, Darril Lonnie Holden, Sr., was suspended from the practice of law for a period of two years and one day by this Court on July 17, 1996. *State ex rel. Oklahoma Bar Assoc. v. Holden,* 1996 OK 88, 925 P.2d 32. His name was stricken from the Roll of Attorneys on September 10, 1997. Petitioner now seeks reinstatement to membership in the Oklahoma Bar Association (Bar) and requests that his name be added to the Roll of Attorneys.

¶2 After conducting a hearing, the Professional Responsibility Tribunal (PRT) unanimously recommended that Petitioner be granted reinstatement. The PRT found Petitioner met his burden of proof in showing he possessed good moral character, has not engaged in the unauthorized practice of law, and possesses the requisite learning to practice law. The Bar also recommends Petitioner be granted reinstatement.

## I. FACTS

¶3 Petitioner was admitted to the Oklahoma Bar in 1983 and the Kansas Bar in 1990. He practiced in Oklahoma until March 21, 1995, when he was suspended for one year for advising a client to remove a child from Oklahoma in violation of a court order.

At the end of his suspension, the Bar objected to his reinstatement because he had failed to pay ordered costs. This Court ultimately dismissed the objection as moot after Petitioner paid the required costs. On July 16, 1996, Petitioner was again suspended from the practice of law, this time for two years and one day for the unauthorized practice of law while under a disciplinary suspension. Petitioner's name was stricken from the roll of attorneys on September 10, 1997, for failure to pay dues for the year 1996.

¶ 4   Upon his suspension in 1996, Petitioner moved to Kansas and was briefly employed by his brother in a commercial flooring business. Petitioner subsequently opened a law office where he represented his brother in business dealings until August of 1997. He closed his practice in Kansas after an investigator for the Kansas Bar advised him that he had failed to notify the Kansas Supreme Court of his Oklahoma suspension as required by Rules of the Supreme Court of Kansas. Petitioner returned to Oklahoma and has been employed as the Director of Support Services for Heartland Baptist Bible College since August of 1998. On July 9, 1999, the Supreme Court of Kansas indefinitely suspended Petitioner from the practice of law in Kansas for the following violations: (1) counseling a client to engage, or assisting a client, in conduct that the lawyer knows is criminal or fraudulent in violation of Kansas Rules of Professional Conduct (KRPC) 1.2(d); (2) engaging in conduct that is prejudicial to the administration of justice in violation of KRPC 8.4(d); (3) failing to serve an answer upon the Disciplinary Administrator within 20 days after service of a complaint in violation of Supreme Court Rule 211(b); and (4) failing to report to the Disciplinary Administrator his suspensions by the Oklahoma Supreme Court in violation of Supreme Court Rule 207(c).

## II.   STANDARD OF REVIEW

¶ 5   In reinstatement proceedings this Court sits in exercise of its exclusive original jurisdiction and we use a de novo review of the record before us. *Matter of Reinstatement of Kamins*, 1988 OK 32, ¶ 18, 752 P.2d 1125, 1129; *Matter of Reinstate-ment of McConnel*, 1994 OK 107, ¶ 12, 886 P.2d 471, 473. Although the PRT's recommendations are afforded great weight, they are advisory only. *Kamins*, 752 P.2d at 1129.

## III.   BURDEN OF PROOF AND FACTORS TO BE CONSIDERED IN REINSTATEMENT PROCEEDINGS

¶ 6   An applicant for reinstatement must prove by clear and convincing evidence that "the applicant's conduct will conform to the high standards required of a member of the Bar." Rule 11.4, Rules Governing Disciplinary Proceedings (RGDP), Okla.Stat. tit. 5, ch. 1, app. 1–A (2001). "An applicant seeking such reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time." Id.

¶ 7   Rule 11.5 of the RGDP requires the PRT to make specific findings regarding (1) whether the petitioner possesses the good moral character which would entitle him to be admitted to the Bar, (2) whether the petitioner has engaged in the unauthorized practice of law during the period of suspension, and (3) whether the petitioner possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma. The petitioner must also show by clear and convincing evidence each of the following factors: (1) the present moral fitness of the petitioner, (2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession, (3) the extent of petitioner's rehabilitation, (4) seriousness of the original misconduct, (5) conduct subsequent to discipline, (6) the time which has elapsed since the original discipline, (7) the petitioner's character, maturity and experience at the time of suspension, and (8) the petitioner's present competence in legal skills. *Kamins*, 752 P.2d at 1130.

## IV.   PETITIONER'S EVIDENCE

¶ 8   The following evidence was presented by Petitioner to support a finding of rehabilitation and fitness for reinstatement. Four witnesses testified on behalf of Petitioner at the hearing before the PRT. Three attor-

neys, Richard Anderson, James Cox, Robert Goldman, and Petitioner's supervisor at Heartland Baptist Bible College, Jeff Copes, all testified to Petitioner's good moral character. They attested to his religious nature, his ethical conduct and honesty. They further testified that Petitioner had not, to their knowledge, engaged in any activities that would constitute the practice of law in Oklahoma since his suspension in 1996.

¶ 9 Petitioner also testified in his own behalf. With respect to his one year suspension in 1995, Petitioner maintains he never advised a client to remove a child from Oklahoma in violation of a court order, although he states it is possible his client misunderstood his advice. Petitioner did acknowledge that his actions while under the 1995 suspension could constitute the practice of law. Petitioner stated that while under suspension he worked at his son's law office where, in addition to legal research and writing, he interviewed and dealt with clients. Petitioner testified that at the time he was unaware his actions were sufficient to constitute the practice of law. He now understands his actions were improper.

¶ 10 With regards to his Kansas suspension, Petitioner testified the suspension was in part a reciprocal discipline for his misconduct in Oklahoma and for new misconduct in Kansas. Petitioner acknowledged he violated Kansas Supreme Court rules when he failed to notify the Disciplinary Administration that he had been suspended in Oklahoma. Petitioner testified that after his 1996 suspension he received letters from each of the federal courts that he was admitted to which acknowledged receiving information on his suspension and which informed him that he was concurrently suspended in their courts. Petitioner believed the Kansas Bar would be notified in the same manner as the federal courts. Petitioner accepted full responsibility for failing to inform the Kansas Bar of his Oklahoma discipline.

¶ 11 Petitioner further testified that he failed to file an answer with the Kansas Disciplinary Administration because he mistakenly believed that after he spoke with the general counsel for the Kansas Bar and agreed to stipulate to the petition that there was no need to file an answer. Petitioner accepted full responsibility for failing to file an answer as required.

¶ 12 Lastly, Petitioner testified that he has not practiced law in Oklahoma since his suspension in 1996 or in Kansas since August of 1997 when he was informed that he had failed to notify the Kansas Supreme Court of his Oklahoma discipline.

¶ 13 The evidence also established Petitioner has maintained his knowledge and competency in the law. He attended 33 hours of continuing legal education courses in Oklahoma during 2002, has read the Oklahoma Bar Journal since his suspension and discussed its content with fellow attorneys and has researched various legal issues for his son, an attorney.

## V. DECISION

¶ 14 It is this Court's duty to safeguard the interests of the public, the courts and the legal profession. *Kamins,* 752 P.2d at 1130. We must balance the interest of the petitioner against the fact that the very nature of the profession places an attorney in a position where an unprincipled person may do tremendous harm to the public and to his clients. Id. Where one has shown disregard for the interests which this Court must uphold, so as to necessitate disciplinary proceedings in the first instance, his showing on each of the factors to be considered on reinstatement must be clear and convincing. Id.

¶ 15 While Petitioner's prior misconduct indeed brought disrepute upon the profession, he concedes his conduct was wrongful and regrets the disrepute brought to himself and the profession. Notwithstanding what he did, the evidence reveals Petitioner is a competent attorney and is deserving of reinstatement. Petitioner testified he regrets his previous actions and understands the seriousness of the violations. Having reviewed the evidence we find Petitioner has met his burden of clear and convincing evidence that he possesses the good moral character required of a member of the Bar.

¶ 16 The PRT found and we agree that the record contains clear and convincing evi-

dence that Petitioner has retained competence in the law through his legal research and writing activities, by attending continuing legal education seminars and by reviewing and discussing legal periodicals. The evidence is also clear and convincing that Petitioner has not engaged in the unauthorized practice of law in Oklahoma since his suspension in 1996.

¶17 Considering each required Kamin factor, and the heavy burden placed on Petitioner, we agree with the recommendations of the trial panel and find that Petitioner has met his burden. The Oklahoma Bar Association has filed an application for the payment of costs in the amount of $727.97. It is therefore ordered that Petitioner, Darril L. Holden, Sr., be reinstated to the practice of law in Oklahoma and to membership in the Oklahoma Bar Association, and placed on the Roll of Attorneys, effective upon his payment of costs in the amount of $727.97. Costs are to be paid within thirty days of the date this opinion is final.

## VI. CONCLUSION

¶18 Rule 11.4, RGDP, provides that a petitioner for reinstatement must establish affirmatively that, if readmitted, petitioner's conduct will conform to the high standards required of a member of the Bar. Considering all the requirements for reinstatement and the heavy burden on Petitioner to prove by clear and convincing evidence, we find that reinstatement should be granted.

**PETITION FOR REINSTATEMENT GRANTED AND PAYMENT OF COSTS ORDERED.**

ALL JUSTICES CONCUR.